H.E. BUTT GROCERY COMPANY, Appellant,

v.

Lois SNODGRASS, Appellee.

No. 2866cv.

Court of Appeals of Texas, Corpus Christi.

April 28, 1983.

Tom Lockhart, Marshall W. Graham, Adams, Graham, Jenkins, Graham & Hamby, Harlingen, for appellant.

James S. Bates, Edinburg, for appellee.

Before NYE, C.J., YOUNG and KENNEDY, JJ.

## OPINION

YOUNG, Justice.

This is a venue case wherein appellant, H.E. Butt Grocery Company, is appealing from an order overruling its plea of privilege. Appellee, Lois Snodgrass, a resident of Hidalgo County, Texas, brought suit in the County Court at Law No. 2 of Hidalgo County to recover damages for personal injuries she sustained when a soft drink bottle fell through the bottom of a carton she was holding and cut her leg. Appellant filed a plea of privilege to be sued in Nueces County, the county of its domicile. Appellee filed a controverting affidavit alleging that the suit was lawfully maintainable in Hidalgo County, Texas, under Section 9a of Tex.Rev.Civ.Stat.Ann. art. 1995 (Vernon Supp.1982). After a hearing before the court, the trial judge overruled the plea of privilege, and appellant duly perfected this appeal.

Appellant's three points of error all assert that the trial court erred in overruling its plea of privilege because there was no evidence to support the court's findings and conclusions that appellant had committed a negligent act. The only evidence offered at the plea of privilege hearing was the testimony of appellee.

Appellee testified that, on May 22, 1980, she entered the appellant's place of business located at 1200 South Closner in Edinburg, Texas. She testified that she went to the produce section and noticed a sale on Diet Dr. Pepper in cartons. Appellee then proceeded to pick up a carton to place it in her basket when "... the bottom fell out (of the carton) and glass shattered everywhere." She further testified that she was injured by the flying glass. Appellee testified that after the carton broke, she noticed its bottom was wet. No other testimony or evidence was offered.

█ In deciding a "no evidence" point, we must consider only the evidence and inferences tending to support the trial court's findings and disregard all contrary evidence and inferences. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.Rev. 359 (1961).

Section 9a of Article 1995, supra, sets out clearly the facts necessary to be established in order to maintain venue in a county other than the county of defendant's residence. These facts are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

2. That such act or omission was that of the tort-feasor, in person, or that of his servant, agent or representative acting within the scope of his employment, or that of the person whose estate the defendant represents as executor, administrator, or guardian.

3. That such negligence was a proximate cause of plaintiff's injuries."

To sustain venue under section 9a of the statute, the plaintiff must establish the essential elements of a cause of action in negligence. Appellee's cause of action is characterized by appellee as one for "premises liability" meaning that appellee has alleged and seeks to prove that appellant negligently violated the duty owed by a business owner to a business invitee.

A business invitee is owed the duty by the owner of the premises to keep the premises in a reasonably safe condition and to inspect the premises to discover any latent defects and to make safe any defects or give adequate warnings. *Adam Dante Corp. v. Sharpe,* 483 S.W.2d 452 (Tex.1972); *Rowland v. City of Corpus Christi,* 620 S.W.2d 930 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). The test to determine an owner's liability for injuries suffered on his premises by invitees is set forth in *Robert E. McKee, General Contractor v. Patterson,* 153 Tex. 517, 271 S.W.2d 391 (1954). This test is: (1) that defendant created or maintained a condition on the premises giving rise to an unreasonable risk of injury to persons thereon and (2) that the owner knew or should have known of the existence of the condition and that he should have appreciated its danger. See *Seideneck v. Cal Bayreuther Associates,* 451 S.W.2d 752 (Tex.1970). This test has been expanded and developed through the class of cases commonly referred to as "slip and fall" cases into the modern test on the possessor of land for liability for physical harm caused to his invitee, if, but only if, he:

> "a. knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees and
>
> b. should expect that they will not discover or realize the danger, or will fail to protect themselves against it and
>
> c. fails to exercise reasonable care to protect them against the danger."

*Rosas v. Buddies Food Stores,* 518 S.W.2d 534 (Tex.1975); *H.E. Butt Grocery Company v. Hamilton,* 632 S.W.2d 189 (Tex.App.—Corpus Christi 1982, no writ); *H.E. Butt Grocery Company v. Reyna,* 632 S.W.2d 890 (Tex.App.—Corpus Christi 1982, no writ).

Giving appellee's testimony the weight to which it is entitled and indulging every reasonable inference in favor of its sufficiency, appellee succeeds only in establishing that she picked up a carton of soft drinks in appellant's place of business and that a bottle fell through the wet bottom of the carton and caused her injury. We have searched the record and can find no evidence, however, which tends to prove: (1) who placed the wet carton in the store, (2) how long the wet carton was present, (3) how the carton became wet, (4) any knowledge of the appellant or its agents that the carton was wet. The fact that the bottle fell through the carton and injured the appellee is not dispositive because the mere happening of an accident does not of itself evidence negligence. *Thoreson v. Thompson,* 431 S.W.2d 341 (Tex.1968). Therefore, appellee has wholly failed to establish by probative evidence, any of the specific acts of negligence alleged in her petition. Appellant's points of error are sustained.

Accordingly, the judgment of the trial court is reversed, and judgment is here rendered that the cause is ordered transferred to the district court of Nueces County.