SAFEWAY STORES, INC., Appellant,

v.

Virginia BROACH, Appellee.

No. A14–82–851CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 7, 1983.

Tom Moore, Houston, for appellant.

Michael G. Shirley, Law Offices of Michael G. Shirley, Texas City, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

J. CURTISS BROWN, Chief Justice.

Appeal is taken from an order denying a plea of privilege.

Virginia Broach (Mrs. Broach or appellee) slipped on a grape and fell while shopping with her husband at a store owned by Safeway Stores, Inc. (Safeway or appellant) and located in Galveston County, Texas. Mrs. Broach sued Safeway in Galveston County to recover damages for injuries sustained in the fall. Safeway filed a plea of privilege to be sued in Dallas County. Tex.Rev.Civ. Stat.Ann. art. 1995 (Vernon 1982–1983). In her controverting affidavit, Mrs. Broach alleged venue was proper in Galveston County under article 1995, § 9a. In its sole ground of error, Safeway contends the trial court erred in denying its plea of privilege because Mrs. Broach failed to prove facts necessary to sustain venue in Galveston County under § 9a. We affirm.

A plaintiff seeking to establish venue under article 1995, § 9a must plead and prove: (1) an act of negligence occurred in the county where the suit was filed; (2) such act was that of the tortfeasor, or that of his servants, agents, or representatives acting within the scope of their employment; and (3) that such negligence proximately caused the plaintiff's injuries. In her pleadings, Mrs. Broach alleged, *inter alia,* that appellant, through its agents, servants, or employees, maintained a defective grape display on the premises of the store in question and that the condition of the display was such as to cause grapes to fall to the floor, making the floor slippery and dangerous; she also alleged appellant, through its agents, servants, or employees, knew of the dangerous condition of the floor and failed to exercise reasonable care to reduce or eliminate the danger and that these acts of negligence proximately caused her injuries.

Safeway contends the evidence adduced at the plea of privilege hearing was insufficient to show a prima facie case of negligence. Under traditional "slip and fall" law, we agree. However, the Supreme Court has recently held that in a "slip and fall" case "evidence that a proximate cause of the fall was the storeowner's failure to use reasonable care to protect its customers from the known and unusually high risks accompanying customer usage of a self-service display of goods . . . establishes a right to have a jury determine the storeowner's liability, even in the absense [sic] of evidence showing the storeowner's actual or constructive knowledge of the presence on the floor of the specific object causing the fall." *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 295 (Tex.1983). As we read *Corbin,* a storeowner who has actual or constructive knowledge of a condition on the premises that poses an unreasonable risk of harm to invitees has a duty to exercise reasonable care to reduce or to eliminate the risk, and failure to do so may constitute negligence.

The evidence at the plea of privilege hearing showed the grape on which Mrs. Broach slipped was 10–15 feet from a self-

service grape display located in the produce section of the store. Although this was the only grape found at the scene of the fall, Mrs. Broach testified the floor immediately below the display was littered with grapes. Mr. Broach testified that grapes were hanging over the edge of the display and that grapes had "dropped off on to the rug and on to the floor around the rug and had been stepped on and crushed and kicked around"; he also testified that immediately after the accident a woman who identified herself as the "night manager" of the store arrived on the scene and inquired about the incident. She told Mr. Broach there had been a problem in keeping the area clean of grapes and that there had been other complaints about people falling and hurting themselves in the area. She also told him the area was cleaned on a schedule and showed him a card purporting to contain the times the area had been cleaned. We find this evidence sufficient, under *Corbin,* to raise a fact issue as to whether the grape display posed an unreasonable risk of harm to invitees.

 Appellant argues the testimony regarding Mr. Broach's conversation with the "night manager" was hearsay and was inadmissible to show an agency relationship. It further contends that, excluding such evidence, Mrs. Broach failed to show Safeway, through its agents, servants, or representatives, knew or should have known that the condition of the grape display posed an unreasonable risk of harm to invitees. Such evidence, however, is admissible under the res gestae exception to the hearsay rule. *Albertson's, Inc. v. Mungia,* 602 S.W.2d 359, 362 (Tex.Civ.App.—Corpus Christi 1980, no writ). Further, whether the evidence was sufficient to show appellant exercised reasonable care to reduce or to eliminate the risk posed by the condition of the grape display is a fact issue which, in the absence of findings of fact, we must presume to have been found in favor of the order overruling appellant's plea of privilege. *See Wilhelm v. Young,* 624 S.W.2d 647, 649 (Tex.App.—Eastland 1981, no writ).

In light of *Corbin,* we find the evidence sufficient to show a prima facie case of negligence. Venue in Galveston County is therefore proper. Appellant's sole ground of error is overruled.

The trial court's order overruling appellant's plea of privilege is affirmed.