John A. TRAEGER, Jr., Appellant,

v.

Gaylord W. LORENZ, et al., Appellees.

No. 04–86–00490–CV.

Court of Appeals of Texas,
San Antonio.

April 13, 1988.

Stephen D. Finch, Finch & Finch, Seguin, Craig L. Austin, San Antonio, for appellant.

Jack Vance, J. Elaine Watson, San Antonio, for appellees.

Before REEVES, DIAL and CHAPA, JJ.

OPINION

DIAL, Justice.

This is an appeal from a suit by appellant to remove deed restrictions. The jury

found that there had not been such a change of conditions in the Eastridge Subdivision or area surrounding it as to render the designated area unsuitable for residential purposes to the extent that it is no longer possible to secure in a substantial degree the benefits sought to be realized through these restrictions. The judgment denied Traeger relief and granted appellees a permanent injunction prohibiting commercial use of the land. We reverse and remand.

■ In his first point of error, Traeger complains that the trial court erred in refusing to submit a separate question concerning the objecting landowner's waiver of the right to enforce deed restrictions. Traeger maintains that this issue was raised by the evidence and is a separate and distinct issue.

In reply, appellee Lorenz counters that Traeger was not entitled to the submission of this question because the evidence established as a matter of law that the restrictive covenants were still enforceable, that a broad submission of the issues was proper, and that Traeger did not adduce evidence to support submission of a question as to waiver and abandonment.

We hold that the trial court erred in refusing to submit a separate question concerning abandonment and waiver, and remand this cause to the trial court for a determination of that issue.

■ The Texas Supreme Court in *Cowling v. Colligan*, 158 Tex. 458, 312 S.W.2d 943, 945 (1958), correctly identifies two distinct rules of law by which enforcement of residential restrictions may be refused. Enforcement of restrictions may be refused by a court where lot owners have acquiesced in "such substantial violations within the restricted area as to amount to an abandonment of the covenant or a waiver of the right to enforce it." Alternatively, a court may refuse to enforce such restrictions if "there has been such a change of conditions in the restricted area or surrounding it that it is no longer possible to secure in a substantial degree the benefits sought to be realized through the covenant." Traeger should have been al-

lowed a separate issue concerning abandonment and waiver.

Lorenz contends that Traeger is not entitled to a question concerning abandonment and waiver as a matter of law because the violations of which he complains existed at the time he purchased the property in the Eastridge Subdivision, the disputed designated area, citing *Lebo v. Johnson*, 349 S.W.2d 744 (Tex.Civ.App.—San Antonio 1961, writ ref'd n.r.e.). A reading of the *Lebo* case, a suit for removal of residential restrictions, reveals the following statement, quoted by Lorenz in his brief:

> Appellees are in no condition to complain of the changes that had already taken place in that area when they purchased their lots, or the violations of the restrictions which they have brought about on their own lots, and which are of a temporary nature.

*Lebo* at 750.

The *Lebo* case was concerned with the separate theories of change of condition and abandonment and waiver. The *Lebo* case does not say that a litigant may not complain of violations which occur before his purchase, but rather says that a litigant may not complain of "changes" (i.e., change in the conditions of the restricted area or surrounding it) which occur before his purchase. As to enforcement of restrictions, *Lebo* merely says that litigants may not complain of violations of restrictions which they have brought about on their own lots. *Lebo* at 750.

■ Lorenz also responds that the trial court properly submitted question no. 1 in broad form under TEX.R.CIV.P. 277. Broad submissions of the issues is, indeed, the preferred practice in Texas, and should be used "whenever feasible." TEX.R. CIV.P. 277. The trial court's considerable discretion, however, is subject to the requirement that "the issue submitted must fairly submit the disputed issues for the jury's determination." *Beaty v. Bales*, 677 S.W.2d 750, 755 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). As we have previously discussed, the abandonment and waiver theory is distinguishable from the

change of conditions theory as it relates to enforcement of deed restrictions. As long as there was some evidence to support the issue of abandonment and waiver, it should have been submitted to the jury.

Lorenz contends that there was no evidence of abandonment and waiver adduced at trial, and therefore it was not error for the trial court to refuse to submit a separate issue on this ground. We disagree. The record is replete with direct testimony concerning the violations of deed restrictions and the lack of enforcement thereof. This testimony was elicited from several of the Eastridge Subdivision lot owners. Point of error one is therefore sustained.

We have reviewed Traeger's remaining point of error, and find no reversible error presented. Since we reverse and remand this case pursuant to the resolution of point of error one, however, no further discussion of the final point of error is necessary for disposition of this appeal. TEX.R. APP.P. 90(a).

The judgment of the trial court is reversed, and the cause remanded.