Martha **SANCHEZ**, Appellant,

v.

**EXCELO BUILDING
MAINTENANCE, Appellees.**

No. 04–88–00551–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 31, 1989.

Jim Perkins, Juan Carlos Martinez, Law Office of Jim Perkins, San Antonio, for appellant.

John Milano, Jr., Aimee Kolze, Thornton, Summers, Biechlin, Dunham & Brown, P.C., San Antonio, for appellees.

6. *See Mansell,* 109 S.Ct. at 2031; *see also Mansell,* 109 S.Ct. at 2032 *passim* (O'Connor, J., dissenting).

Before REEVES, PEEPLES and CARR, JJ.

## OPINION

PEEPLES, Justice.

Plaintiff Martha Sanchez appeals a take-nothing judgment in this slip-and-fall case. The jury failed to find that the defendant created a condition on the premises that posed an unreasonable risk of harm. Plaintiff's main complaint is that the court should have submitted the four liability elements of her case in one question instead of two. We affirm the judgment.

Plaintiff alleged that on February 18, 1986, while she was at Kelly Air Force Base, she slipped and fell on a wet restroom floor, which was being cleaned by the defendant, Excelo Building Maintenance. She contended that the floor was wet and slippery, that there were no warnings, and that as a result she fell and sustained injuries.

When the defendant in such lawsuits is an *owner or occupier* of premises, an invitee-plaintiff must obtain four findings:

(1) that [defendant] had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm to [plaintiff]; (3) that [defendant] did not exercise reasonable care to reduce or to eliminate the risk; and (4) that [defendant's] failure to use such care proximately caused [plaintiff's] personal injuries.

*Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 296 (Tex.1983); *accord, Hernandez v. Kroger Co.,* 711 S.W.2d 3, 4 (Tex.1986).

But when the defendant does not own or occupy the premises, somewhat different rules apply. Concerning the liability of *non-owners* for dangerous conditions on premises, the supreme court has said:

Ordinarily *a person who does not own* the real property must assume *control* over and responsibility for the premises before there will be liability for a dangerous condition existing on the real property. It is *possession and control* which generally must be shown as a prerequisite to liability.... Additionally, a private person who has *created* the dangerous condition may be liable even though not in control of the premises at the time of injury.

*City of Denton v. Van Page,* 701 S.W.2d 831, 835 (Tex.1986) (emphasis added). The law was well summarized in *Davis v. Esperado Mining Co.,* 750 S.W.2d 887, 888 (Tex.App.—Houston [14th Dist.] 1988, no writ):

Liability for a defective condition on property arises only if the party had ownership, possession, control, or had itself created the dangerous condition.

█ The trial court submitted two jury questions that encompassed elements two, three, and four of *Corbin* and modified the first element in light of *Van Page.*[1] Plaintiff complains in this court that question one limited the jury to the theory that defendant *created* the condition, and did not submit the theory that defendant simply had actual or constructive *knowledge* of it. But plaintiff did not object to the charge on this basis or tender any jury

---

1. The court submitted the following liability questions:

*SPECIAL ISSUE NO. 1*

Do you find that there was a condition in the ladies bathroom, created by Excelo Building Maintenance, which created an unreasonable risk of harm to Martha Sanchez?

Answer "Yes" or "No."

ANSWER: [No]

   \*    \*    \*    \*    \*    \*

If you have answered Special Issue No. 1 "Yes," and only in that event, then answer Special Issue No. 2, 3 and 4; otherwise, do not answer Special Issue No. 2, 3, and 4.

*SPECIAL ISSUE NO. 2*

Whose negligence, if any, of the persons or corporations named below proximately caused the occurrence in question?

Answer "Yes" or "No" for each of the following:

a. Excelo Building Maintenance _____
b. Martha Sanchez _____

Questions three (comparative negligence) and four (damages) were predicated on "Yes" answers to questions one and two, and were not answered. Plaintiff's sole objection to these questions stated that question one was not an ultimate issue and that rule 277 mandates a general negligence charge. *See* note 3 *infra.* Plaintiff did not tender any additional jury questions for inclusion in the charge.

questions to submit the theory that defendant had possession or control of the premises. The complaint has therefore been waived. *See* TEX.R.CIV.P. 272, 274. In any event the court was correct in asking the jury whether there was a condition *created by* defendant instead of asking whether defendant had *actual or constructive knowledge* of some condition. There was evidence from which the jury could have concluded that defendant's cleaning operations had ceased three hours before plaintiff fell. In view of this testimony and because defendant was not an owner or occupier of the premises, a threshold question under *Van Page* was whether defendant had created a condition that posed an unreasonable risk of harm, or whether it was still sufficiently in possession and control of the premises for the *Corbin* duty involving actual or constructive knowledge to apply.

This case was tried without objection on the theory that defendant created a dangerous condition, not on the theory that it was an occupier who had actual or constructive knowledge of a dangerous condition. Our review is restricted to the theory on which the case was tried. *Spring Branch Indep. School Dist. v. Stamos,* 695 S.W.2d 556, 559 (Tex.1985), *appeal dism'd,* 475 U.S. 1001, 106 S.Ct. 1170, 89 L.Ed.2d 290 (1986); *Davis v. Campbell,* 572 S.W.2d 660, 662 (Tex.1978). We hold that the court did not err in asking the jury whether defendant created a condition instead of asking whether it had knowledge of one.

■ Plaintiff's overriding complaint in this court is that the trial court submitted the four liability elements in two questions instead of one. TEX.R.CIV.P. 277 says:

> *In all jury cases the court shall, whenever feasible, submit the cause upon broad-form questions.* The court shall submit such instructions and definitions as shall be proper to enable the jury to render a verdict. (emphasis added)

It would certainly have been possible—and feasible—to draft and submit one broad liability issue against defendant by asking whether on the occasion in question defendant was negligent, and if so, whether that negligence was a proximate cause of the occurrence in question. Or the court could have asked whose negligence, if any, proximately caused the occurrence in question, defendant or plaintiff. Either of these broad-form inquiries would have adequately and properly submitted the liability part of the case against defendant, provided that the charge included proper instructions stating the four *Van Page–Corbin* elements together with correct definitions of ordinary care and proximate cause.[2]

Here the question is whether the actual two-question cluster constitutes reversible error simply because a one-question submission seems feasible to the appellate court. Plaintiff objected to the trial court's two-question submission on the ground that it was not a broad-form question and therefore violated rule 277.[3] We hold that rule 277 did not *require* the court, on pain of reversal, to submit the four *Van Page–Corbin* elements in one question instead of two.

In recent years, rule changes have increasingly encouraged broad submission,

---

**2.** In *Prudential Ins. Co. v. Henson,* 753 S.W.2d 415 (Tex.App.—Eastland 1988, no writ), the court expressly approved a one-question submission of a slip-and-fall case against an owner-occupier, in which the gist of the *Corbin* elements was stated in an instruction.

As we have stated, because defendant Excelo was not an owner or an occupier, the instructions accompanying a broad-form question should also have required a finding that defendant created the condition or had possession or control of the premises. *See City of Denton v. Van Page,* 701 S.W.2d at 835.

**3.** Plaintiff's objection to the liability part of the charge reads in its entirety as follows:

> Plaintiffs object to Special Issue Number 1, which states, "Do you find that there was a condition in the ladies bathroom, created by Excelo Building Maintenance, which created an unreasonable risk of harm to Martha Sanchez," on the basis that it is extraneous and is not one of the ultimate issues in this case to be found by the jury, based upon the holding in Lemos versus Montez, when the Supreme Court of Texas has mandated that the general negligence charge be used in cases such as this case before the Court and in Texas Rule of Civil Procedure 277.

seeking to avoid problems associated with "fragmentation of jury issues—conflicts, confusion, delays, waste of trial and appellate time, reversals, metaphysics...." Pope & Lowerre, *The State of the Special Verdict—1979*, 11 ST. MARY'S L.J. 1, 2 (1979). In the present case, the two-question cluster cannot be criticized as a "fragmented" submission or a step backward toward *Fox v. Dallas Hotel Co.*, 111 Tex. 461, 240 S.W. 517 (1922) (requiring that issues be submitted distinctly and separately in negligence cases), *overruled*, *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 925 (Tex.1981). Nor does this submission pose the other dangers that broad submission is designed to avoid. The charge before us is not "overloaded with granulated issues," to use the court's terminology in *Lemos v. Montez*, 680 S.W.2d 798, 801 (Tex.1984). On the contrary, the charge easily satisfies the *Lemos* court's goal of "simplicity in jury charges." *Id.* After all, the charge consisted of a grand total of four questions instead of three as plaintiff preferred. It cannot be seriously argued that submission of three questions instead of four would have done much to "simplify the jury's chore." *See Island Recreational Development Corp. v. Republic of Texas Savings Ass'n*, 710 S.W.2d 551, 555 (Tex.1986). In short, the two-question liability submission did not frustrate any of the purposes of broad-form questions. We hold that trial courts have at least some discretion to determine the feasibility of broader submission, and that the court did not err in submitting two reasonably broad liability questions instead of one.

■ Nevertheless, even if the submission was erroneous under rule 277, we conclude that any such error was not reversible because plaintiff has not shown that the submission "was reasonably calculated to cause and probably did cause rendition of an improper judgment." *See* TEX.R.

APP.P. 81(b)(1); *Island Recreational Development Corp.*, 710 S.W.2d at 555. We know from the verdict that this jury, having heard and evaluated the evidence, did not find that defendant created a condition on the premises that posed an unreasonable risk of harm. The instructions accompanying a broad-form question would have told the jury, in effect, that to answer "Yes" it must find that such a condition was created by defendant, along with the last three elements listed in *Corbin*. In other words, if the jury had been asked the broader question preferred by plaintiff and had followed its instructions, it would have answered the broad question "No" because it did not believe that defendant created a condition that posed an unreasonable risk of harm. In answering a broad-form question, this jury would have found no liability and the court would have rendered the same take-nothing judgment.[4] We cannot accept plaintiff's unstated but implicit assumption that this jury might have ignored the *Van Page–Corbin* instructions and answered a broad question "Yes" even though it was not convinced that defendant created an unreasonably dangerous condition. If that assumption were true—that is, if juries answering broad-form questions pay no heed to the instructions that state the elements of a ground of recovery or defense that must be established—then perhaps we would need to re-think the whole idea of broad-form submission. It is, of course, presumed that juries follow the court's instructions. *Daugherty v. Southern Pacific Transp. Co.*, 772 S.W.2d 81, 83 (Tex.1989).

If we were to find reversible error in this case, many charges that deviated from broad-form submission for plausible reasons would nevertheless be appealed by the loser, and appellate courts would have to determine whether a broader submission

---

4. For example, we can envision a case in which the court submits the defendant's liability in two questions: (1) on the occasion in question was defendant negligent, and if so, (2) was such negligence a proximate cause of the occurrence in question? If a jury answered "No" to either of those questions, we think it obvious that it would also have answered "No" to a one-ques-tion submission of negligence and proximate cause. Thus, even though it may have been feasible to submit negligence and proximate cause in one question, the two-question submission could not possibly have caused rendition of an improper judgment under TEX.R.APP.P. 81(b)(1).

would have been feasible. To encourage appeals in that way would frustrate one of the purposes of broad-form submission. *See* Pope & Lowerre, 11 ST. MARY'S L.J. at 2 (one purpose of broader submissions is to minimize appeals and reversals). We believe that trial judges, who must prepare the charge while the jury waits, should have considerable discretion in deciding whether a broad-form submission is feasible as the case looks at the charge conference.

We stress, however, that under rule 277 broad questions are not only permitted but preferred. "Broad-form submissions are preferable but not mandatory." *Prudential Ins. Co. v. Henson,* 753 S.W.2d 415, 417 (Tex.App.—Eastland 1988, no writ). They are the "preferred practice." *Traeger v. Lorenz,* 749 S.W.2d 249, 250 (Tex. App.—San Antonio 1988, no writ). One court has said they are "not only proper but mandatory whenever feasible." *Lorillard v. Davis,* 770 S.W.2d 606, 608 (Tex. App.—Dallas 1989, no writ).

■ Plaintiff also complains that the court predicated question two on a "Yes" answer to question one and thereby commented on the weight of the evidence and advised the jury of the effect of its answers. We reject this contention because she did not object to the charge on that basis. To preserve appellate complaint about an erroneous instruction, the litigant must make a specific and timely objection. *Castleberry v. Branscum,* 721 S.W.2d 270, 276–77 (Tex.1986); TEX.R.CIV.P. 272, 274.

■ In any event, properly worded conditional submissions do not impermissibly comment on the weight of the evidence. *Briseno v. Martin,* 561 S.W.2d 794, 796–97 (Tex.1977). We note that rule 277 explicitly allows the court to predicate the damage questions on affirmative findings of liability; the rule also states that instructions and definitions that make incidental comments are not objectionable.

We have considered all of plaintiff's points of error, and all are overruled. For the reasons stated, the judgment is affirmed.