Linda **KEETCH**, Appellant,

v.

The **KROGER COMPANY**, Appellee.

No. 05–90–00013–CV.

Court of Appeals of Texas, Dallas.

Nov. 7, 1990.

Rehearing Denied Dec. 11, 1990.

---

Michael A. Robertson, Grand Prairie, for appellant.

Brian J. Brendstetter, Scott W. MacLoren, Dallas, for appellee.

Before HOWELL, BAKER and LAGARDE, JJ.

## OPINION

LAGARDE, Justice.

Linda Keetch, (hereinafter "Keetch"), appeals from a take nothing judgment rendered by the trial court in favor of the Kroger Company, (hereinafter "Kroger"). Keetch sued Kroger for injuries sustained as a result of a slip and fall accident. In six points of error, Keetch complains that the trial court erred in submitting the charge as drafted, and in excluding certain evidence, and that the jury's answer to the damages question was against the great weight and preponderance of the evidence. We overrule all of Keetch's points of error and affirm the judgment of the trial court.

## FACTUAL BACKGROUND

On September 5, 1987, Keetch went to Kroger's to buy groceries. After leaving Kroger's, Keetch realized that she had forgotten to buy bread and reentered the store for that purpose. Having selected a loaf of bread, Keetch started walking towards the checkout counter by way of the floral department. While walking past an L-shaped desk in the floral area, Keetch slipped on an "extra slippery" spot and fell.

In preparing its plants for display in the floral area, Kroger sprays each plant, leaf by leaf, with Green Glo then wipes them to give them a uniform shine. Kroger sprays the plants on top of the desk in the floral area in a direction away from customer traffic. Approximately fifty plants had been sprayed on the day of the accident. Just prior to the accident, Kroger had swept the floral area and mopped it with water.

A witness who heard Keetch fall and saw her on the floor testified that she saw a waxy type substance behind the floral desk about the size of a washtub. However, neither Kroger employee working in the floral department on the day of the accident noticed any slippery spots in the area.

Keetch sought to hold Kroger liable under both a premises defect and a negligent activity theory. The trial court submitted the case to the jury only on a premises liability theory. The jury found that there was a slippery spot on the floor which presented an unreasonable risk of harm to Keetch, but failed to find that Kroger knew or should have known that the spot was on the floor. Because the jury failed to find Kroger had knowledge, the trial court rendered a take nothing judgment in favor of Kroger.

## TRIAL COURT'S CHARGE

The charge states, in pertinent part, as follows:

### QUESTION 1

On the occasion in question, was there a slippery spot in the Floral Department on Kroger's floor that presented an unreasonable risk of harm to Linda Keetch?

ANSWER: ____

If you have answered Question 1 "Yes," and only in that event, then answer Question 2.

### QUESTION 2

Did Kroger know, or in the exercise of ordinary care should it have known, that the slippery spot, if any, was on the floor?

ANSWER: ____

If you have answered Question 2 "Yes," and only in that event, then answer Question 3.

## QUESTION 3

Was Kroger's failure to remove the slippery spot, if any, negligence?

ANSWER: ____

Keetch first argues that the trial court deprived her of her cause of action for the negligent activity of spraying plants in the customer area by conditioning Question 3 on an affirmative answer to Question 2. Second, Keetch maintains that the submission of Question 3 deprived her of her negligence cause of action by limiting her to a premises defect theory. Third, Keetch asserts that the trial court erred in refusing to submit her requested issue inquiring whether Kroger created the unreasonably dangerous condition. Finally, Keetch argues that the trial court erred in submitting Question 2 regarding knowledge because Kroger created the condition and was, therefore, charged with knowledge of it as a matter of law.

### Standard of Review

The standard of review for a court's charge is whether the trial court abused its discretion. *Texas Dep't of Human Services v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990). A trial court abuses its discretion only when its action is arbitrary or unreasonable. *Landry v. Travelers Ins. Co.*, 458 S.W.2d 649, 651 (Tex.1970). Further, an alleged error in the court's charge is reversible only if, in light of the pleadings, evidence, and the charge in its entirety, it amounted to such a denial of the rights of the complaining party as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Tex.R.App.P. 81(b)(1); *Island Recreational Dev. Corp. v. Republic of Texas Sav. Ass'n*, 710 S.W.2d 551, 555 (Tex.1986).

### Keetch's Cause of Action

In points of error one and two, Keetch argues that the trial court erred in failing to submit her negligent activity theory to the jury. Keetch testified that she fell as a result of an "extra slippery" spot on the floor, i.e., the condition of the floor. She concedes that the activity of spraying the plants did not directly cause her injury; nevertheless, she argues that because the spraying activity *created* the slippery floor condition, she was entitled to a submission of both an activity and a premises defect theory to the jury.

In each case relied upon by Keetch to support her entitlement to a negligent activity theory, the plaintiff was injured during the course of an activity or directly by an instrumentality: *Moore v. Texas Co.*, 299 S.W.2d 401, 403 (Tex.Civ.App.—El Paso 1956, writ ref'd n.r.e.) (plaintiff injured while changing the oil seal on a pumping unit); *Redinger v. Living, Inc.*, 689 S.W.2d 415, 417 (Tex.1985) (plaintiff injured by a box blade on a tractor); *Hernandez v. Heldenfels*, 374 S.W.2d 196, 197 (Tex.1963) (plaintiff injured when struck by a truck); *J.A. Robinson Sons, Inc. v. Ellis*, 412 S.W.2d 728, 731–32 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.) (plaintiff killed when a cable broke during a construction operation). Because Keetch's injuries resulted from a condition of the premises and not from an activity or instrumentality, we hold that the trial court properly submitted the case to the jury solely on a premises liability theory. *See Physicians & Surgeons General Hospital v. Koblizek*, 752 S.W.2d 657, 659 (Tex.App.—Corpus Christi 1988, writ den.). Accordingly, we overrule Keetch's first two points of error.

### Elements of a Premises Liability Case

An owner or occupier of premises owes a duty to his invitees to use reasonable care to protect them against dangerous conditions on the premises of which he has either actual or constructive knowledge. *Williams v. Texas City Refining, Inc.*, 617 S.W.2d 823, 825 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). The elements a plaintiff must prove in a premises liability action are as follows:

(1) the defendant had actual or constructive knowledge of some condition on the premises;

(2) the condition posed an unreasonable risk of harm to the plaintiff;

(3) the defendant failed to exercise reasonable care to reduce or eliminate the risk; and

(4) the defendant's failure to use such care was a proximate cause of the plaintiff's injuries.

*Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex.1983).

As a grocery store patron, Keetch was an invitee of Kroger. *Id.* However, Kroger owed no duty to Keetch unless it had either actual or constructive knowledge of the slippery spot on the floor.

■ In points of error three and four, Keetch argues that the trial court erred in submitting the knowledge question instead of her requested question inquiring whether *Kroger caused the slick spot to be on its premises.* Keetch argues this was error because, if it is shown that Kroger created the slippery spot, then Kroger is charged with knowledge of it as a matter of law. To support this contention, Keetch relies on *Coffee v. F.W. Woolworth Co.*, 536 S.W.2d 539 (Tex.1976). In *Coffee*, the jury found both that the defendant created the condition and also that it had knowledge of the condition. *Id.* at 540. The trial court granted the defendant's motion for judgment notwithstanding the verdict. The Supreme Court merely held that some evidence that the defendant created the condition could create an inference that the defendant had the requisite knowledge. *Id.* *Coffee* in no way relieves the plaintiff of its burden to establish knowledge on the part of the defendant.

Moreover, the Texas Supreme Court has held that an owner or occupier of premises may be charged with knowledge *only*, if upon reasonable inspection, a reasonably prudent person would have foreseen a probability that the condition would result in injury to another. *Seideneck v. Cal Bayreuther Assoc.*, 451 S.W.2d 752, 754 (Tex.1970). Knowledge is one of the four essential elements of proof in a premises liability case. Evidence that the defendant created the condition is simply a method by which the plaintiff may attempt to establish the knowledge element.

■ The question of whether the defendant created the condition is submitted in the place of the knowledge question in a premises liability case only when the defendant is neither the owner nor occupier of the premises. *City of Denton v. Van Page*, 701 S.W.2d 831, 835 (Tex.1986). In *Sanchez v. Excelo Building Maintenance*, 780 S.W.2d 851 (Tex.App.—San Antonio 1989, no writ), the plaintiff fell in a restroom at Kelley Air Force Base. Sanchez sued the company responsible for cleaning the restroom. The jury was asked whether the defendant had created the condition, but not whether the defendant had knowledge of the condition. *Id.* at 852. In approving the charge, the court held that because the defendant did not own nor have possession or control over the premises, it could only be held liable to the plaintiff if it created the condition. *Id.*

Keetch cites several court of appeals cases in her brief which say that a plaintiff, in order to recover, must show either that: (1) the defendant had actual knowledge of the condition; (2) the defendant placed the substance on the floor; or (3) the substance was on the floor for such a period of time that the defendant would have discovered it through the exercise of ordinary care. This language simply spells out the actual or constructive knowledge concept. If a plaintiff offers evidence under either the second or third method, then the jury can infer that the defendant had constructive knowledge of the condition. Knowledge is the element a plaintiff must prove and he may choose to do so by any of the above three methods.

Notably, the above language relied upon by Keetch has frequently appeared in venue cases. Under the former venue statute, once the defendant challenged venue, the plaintiff had to show that an act of negligence occurred in the county of suit, that such act was that of the defendant, and that the negligence proximately caused the plaintiff's injuries. TEX.REV.CIV.STAT.ANN. art. 1995 § 9(a) (Vernon 1964), *repealed by* Acts 1985, 69th Leg., ch. 959, § 9(1). In order to defeat the defendant's plea of privilege, the plaintiff had to establish these venue facts. To establish the second

venue fact, that the act of negligence was that of the defendant, the plaintiff in a slip and fall case could show either that the defendant knew or through the exercise of reasonable care should have known of the condition or that the defendant placed the substance on the floor. *Furr's Super Market v. Garrett,* 615 S.W.2d 280 (Tex. Civ.App.—El Paso 1981, writ ref'd n.r.e.); *Safeway Stores, Inc. v. Broach,* 654 S.W.2d 811 (Tex.App.—Houston [14th Dist.] 1983, no writ); *H.E. Butt Grocery Co. v. Snodgrass,* 655 S.W.2d 241 (Tex. App.—Corpus Christi 1983, no writ).

Here, venue is not challenged. Under the facts of this case, Keetch alleged that the product Kroger sprayed on its plants accumulated on the floor and created a slippery spot. This contention was ardently disputed at trial. If accumulation did in fact occur, it was inadvertent and there is no evidence that Kroger was aware of any accumulation.

Thus, we hold that submission of the knowledge question was proper as a mandatory element of proof. We also hold that the failure to submit Keetch's requested issue as to whether Kroger caused the condition was not error. The disputed evidence that Kroger created the condition was for the jury to consider in answering the knowledge question. Accordingly, we overrule Keetch's third and fourth points of error.

### Conclusion

▮ In approving the trial court's submission of this case, we note that Keetch's argument that the charge contained error because it did not conform to the Texas Pattern Jury Charges is without merit. 3 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 61.02, 61.03 (1982). The Texas Pattern Jury Charges are nothing more than a guide to assist the trial courts in drafting their charges; they are not binding on the courts. *Burk Royalty Co. v. Walls,* 616 S.W.2d 911, 920 n. 7 (Tex.1981); *Texas Employers' Ins. Ass'n v. Lara,* 711 S.W.2d 224, 225 (Tex.1986).

The Supreme Court found reversible error in the charge and reversed a judgment in favor of the defendant in a slip and fall case in *Hernandez v. Kroger Co.,* 711 S.W.2d 3 (Tex.1986). The jury in *Hernandez* was asked whether the defendant placed the slippery spot on the floor and, if so, whether the defendant was negligent. *Id.* at 4. The Court held that the trial court erred in failing to submit the plaintiff's requested issues which outlined the *Corbin* elements. *Id.*

The trial court's charge in this case tracked the elements of a premises liability case as defined by the Supreme Court in *Corbin.* The trial court in this case could have submitted a broad-form question of negligence with the accompanying definition and instruction outlining the essential elements of a slip and fall case. *Prudential Ins. Co. of America v. Henson,* 753 S.W.2d 415, 417 (Tex.App.—Eastland 1988, no writ). However, the trial court did not abuse its discretion in submitting each element as a separate question. *Id.; Texas Dep't of Human Services v. E.B.,* 802 S.W.2d 647, 649 (Tex.1990).

### EXCLUSION OF EVIDENCE

▮ In point of error five, Keetch complains that the trial court erred in excluding evidence: (1) that Kroger instructed its employees not to admit damaging facts; and (2) that, after the accident, Kroger's co-manager instructed employee Kelly Coghan to be more careful in spraying the plants. An abuse of discretion standard is applied in reviewing a trial court's action in excluding evidence. *Frank B. Hall & Co., Inc. v. Buck,* 678 S.W.2d 612, 628 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.), *cert. denied,* 472 U.S. 1009, 105 S.Ct. 2704, 86 L.Ed.2d 720 (1985).

### Instruction Not to Admit Damaging Facts

▮ The trial court prohibited Keetch from asking Coghan if Kroger had instructed her not to admit anything that she did that might be dangerous to customers. Keetch sought to introduce this evidence strictly for the purpose of impeaching Coghan. Even if Kroger had told Coghan not to admit damaging facts, this in no way shows bias on the part of Coghan. Under

**282**

rule 613(b) of the Texas Rules of Civil Evidence, cited by Keetch, bias of a witness may be shown by introducing evidence of prior statements made by *that* witness. Here, Keetch tried to impeach Coghan with a statement made to her by another Kroger employee. The trial court properly excluded this evidence.

■ The trial court also prohibited Keetch from introducing into evidence for purposes of impeachment, a page from Kroger's safety manual which contains the statement, "Don't admit liability under any circumstances." This manual was introduced during the deposition of Kroger's co-manager, John North. Keetch attempted to introduce the manual at trial during the cross-examinations of Deanne Cicirello and Kelly Coghan. Deanne Cicirello denied having seen the manual. Keetch never asked Coghan whether she had seen or read the manual and, if so, whether she followed it. Because Keetch failed to lay a proper predicate for the admission of the manual, the trial court properly excluded it. *Twin City Fire Ins. Co. v. Gibson*, 488 S.W.2d 565, 573 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.). If the trial court did err in excluding this evidence, such error was harmless.

### Post–Accident Instruction

■ Keetch first sought to introduce the post-accident instruction to be more careful to impeach Coghan's testimony that she did not know that the spray accumulated on the floor and, second, to show the feasibility of a precautionary measure. Keetch argues that this instruction constitutes a subsequent remedial measure. Although generally inadmissible, subsequent remedial measures may be used for impeachment or to show feasibility of precautionary measures. TEX.R.CIV. EVID. 407(a).

Evidence of this post-accident instruction, however, does not contradict Coghan's testimony that she did not know that the spray accumulated on the floor and was, *therefore*, properly excluded as a basis for impeachment. This instruction was likewise properly excluded as evidence of feasibility of a precautionary measure. In giving Coghan this instruction, the co-manager was simply reminding her to be careful; he did not implement any changes in the manner in which the plants were sprayed.

Thus, we hold that the trial court was correct in excluding the evidence of which Keetch complains. Accordingly, we overrule Keetch's fifth point of error.

### CONCLUSION

We find no error in the trial court's submission of this case to the jury or in its exclusion of certain evidence. Because of our disposition of Keetch's first five points of error, we need not address her sixth point of error complaining that the damages award was manifestly too small. Accordingly, the judgment of the trial court is affirmed.