**AFFIRMED and Opinion Filed July 8, 2024**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

### No. 05-23-00015-CR

**COURTNEY WAYNE COCHRAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-80888-2022**

## OPINION

Before Justices Partida-Kipness, Nowell, and Smith
Opinion by Justice Smith

Appellant Courtney Wayne Cochran was convicted by a jury of the first-degree felony offense of continuous sexual abuse of a young child. *See* TEX. PENAL CODE ANN. § 21.02. The jury assessed appellant's punishment at life imprisonment, without the possibility of parole, in the Institutional Division of the Texas Department of Criminal Justice, and the trial court sentenced him accordingly. *See* TEX. GOV'T CODE ANN. § 508.145(a)(2) (an inmate is not eligible for parole when serving sentence for conviction under section 21.02 of the Texas Penal Code). Appellant challenges his conviction in five issues, arguing that the trial court

committed structural error by making a finding in the jury charge that the victim's birthday was on a date certain in violation of his constitutional rights. For the reasons discussed below, we affirm.

A person commits the offense of continuous sexual abuse of a young child if the person is seventeen years of age or older and, during a period that is thirty or more days in duration, the person commits two or more acts of sexual abuse against a child younger than fourteen years of age. TEX. PENAL CODE § 21.02(b). During the charge conference, the State requested the following instruction be included, "[Y]ou must also find that the offenses, if any, occurred prior to February [XX], 2014, the date of [the victim]'s 14th birthday." Defense counsel objected to including the words "the date of [the victim]'s 14th birthday" because it defined for the jury the date of her birthday, "which might be true or might not be" but was for the jury to determine. The trial court overruled defense counsel's objection, and instructed the jury in relevant part as follows:

> You are instructed that while the indictment alleges that the offenses were committed on or about the 28th day of February, 2010 through the 27th day of February, 2014, you are not bound to find that the offenses, if any, took place on those specific dates, so long as you find the offenses if any, occurred prior to March 15, 2022, the date of the return of the indictment for said offenses in this case, and is not barred by the statute of limitations. You must find that the offenses, if any, occurred prior to February [XX], 2014, the date of [the victim]'s 14th birthday.

Appellant argues in his first and second issues that the trial court committed structural error by making a finding of fact in the jury charge, over appellant's

–2–

objection, that the victim's birthday was on a date certain, in violation of appellant's rights under the United States and Texas Constitutions. Appellant contends:

> By making this finding, the trial court drew attention to [the victim]'s testimony about her age, demonstrated that it was not impartial, gave [the victim]'s testimony the Court's imprimatur, and removed from the jury its essential role under our system, that of finding the facts necessary to establish the elements of the offense alleged beyond a reasonable doubt.

Alternatively, appellant argues in issues three and four that the trial court's impermissible comment on the weight of the evidence in the jury charge violated appellant's rights under the United States and Texas Constitutions and was not harmless beyond a reasonable doubt. In his fifth issue, appellant asserts that, even if the error was not structural or of constitutional dimension, it caused "some harm."

The State responds that it is debatable whether the challenged instruction was an improper comment on the weight of the evidence but that, even if it was error, it does not constitute structural or constitutional error and did not cause appellant "some harm" because the victim's birthday was not contested and appellant benefitted from the instruction. Furthermore, the State contends that appellant has waived his claims under the Texas Constitution because he failed to separately brief and analyze the claims under the Texas Constitution or argue that it provides different or broader protections than the United States Constitution.

We agree with the State that appellant has waived his arguments under the Texas Constitution to the extent he claims that it provides greater protections than

the United States Constitution. *See Ex parte Barrett*, 608 S.W.3d 80, 87 n.5 (Tex. App.—Dallas 2020, pet. ref'd) (citing *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009)). Besides citing the Texas Constitution, appellant failed to provide any analysis with regard to how his rights were separately violated under the Texas Constitution. Instead, appellant simply referred back to his analysis as to how his rights were violated under the United States Constitution. Therefore, we overrule appellant's second and fourth issues and analyze the issues under the federal standard where applicable.

In reviewing a jury-charge issue, we first determine whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If we conclude error exists, we analyze the error for "some harm" to the defendant's rights when the defendant properly objected to the jury charge and for "egregious harm" when the defendant failed to object to the charge. *Id.* at 743–44 (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). However, if the error rises to a constitutional violation and was objected to, we must be able to conclude that it was harmless beyond a reasonable doubt unless it is a constitutional error that is considered a structural defect and, thus, is not subject to a harm analysis. *Jimenez v. State*, 32 S.W.3d 233, 237, 237 n.12 (Tex. Crim. App. 2000).

The Fourteenth Amendment right to due process and the Sixth Amendment right to an impartial jury, "[t]aken together . . . indisputably entitle a criminal defendant to a 'jury determination that [he] is guilty of every element of the crime

–4–

with which he is charged, beyond a reasonable doubt.'" *Apprendi v. New Jersey*, 530 U.S. 466, 476–77 (2000) (quoting *United States v. Gaudin*, 515 U.S. 506, 510 (1995)). Article 36.14 of the Texas Code of Criminal Procedure provides that the trial court shall deliver to the jury "a written charge distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in [its] charge calculated to arouse the sympathy or excite the passions of the jury." TEX. CODE CRIM. PROC. ANN. art. 36.14. The jury receives the law from the trial court and is governed thereby, but the jury is the exclusive judge of the facts and of the weight to be given to testimony. *Id.* arts. 36.13; 38.04. "A charge that assumes the truth of a controverted issue is a comment on the weight of the evidence and is erroneous." *Whaley v. State*, 717 S.W.2d 26, 32 (Tex. Crim. App. 1986).

Here, the challenged instruction provided: "You must find that the offenses, if any, occurred prior to February [XX], 2014, the date of [the victim]'s 14th birthday." The Texas Criminal Pattern Jury Charges includes similar language in its instructions for the offense of criminal sexual abuse of a young child. In cases in which the victim turned fourteen before the date of the indictment, the Texas Criminal Pattern Jury Charges proposes the following instruction:

> The indictment alleges that the offense of continuous sexual abuse of a young child was committed between on or about [*date*] and on or about [*date*]. The state is not required to prove that the alleged offense happened between those exact dates. But you may not convict the defendant of continuous sexual abuse of a young child for any acts of

–5–

sexual abuse that occurred before September 1, 2007, the date that law went into effect, or after [*insert date of the day preceding the child's fourteenth birthday*], when [*name*] was already fourteen.

*See* State Bar of Texas, *CPJC § 21.2 Instruction—Continuous Sexual Abuse of Young Child or Children*, TEXAS CRIMINAL PATTERN JURY CHARGES ONLINE, at https://www.texasbarpractice.com/texas-bar-books/ (alterations and italics in original). Pattern jury charges are advisory and not binding on the courts. *Chavez v. State*, No. 13-22-00551-CR, 2023 WL 5486232, at *4 (Tex. App.—Corpus Christi–Edinburg Aug. 24, 2023, no pet.) (mem. op., not designated for publication) (referencing same pattern jury charge for thirty-day duration element of continuous sexual abuse of a child); *see also Beltran De La Torre v. State*, 583 S.W.3d 613, 622 n.7 (Tex. Crim. App. 2019) ("We acknowledge that, in rejecting both instructions [on joint-possession and mere-presence] as improper comments on the weight of the evidence, we part ways with the recommendations of the Texas Committee on Pattern Jury Charges."); *Keetch v. Kroger Co.*, 845 S.W.2d 276, 281 (Tex. App.— Dallas 1990) ("The Texas Pattern Jury Charges are nothing more than a guide to assist the trial courts in drafting their charges; they are not binding on the courts."), *aff'd*, 845 S.W.2d 262 (Tex. 1992). Both the pattern jury charge and the instruction given by the trial court in this case essentially require the trial court to make a finding of the victim's birthday before charging the jury. But the jury is the exclusive judge of the facts and of the weight to be given to testimony, TEX. CODE CRIM. PROC. arts. 36.13; 38.04, and "a trial court should avoid any allusion in the jury charge to a

particular fact in evidence, as the jury might construe this as judicial endorsement or imprimatur." *Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008). By labeling "February [XX], 2014," as the victim's birthday, the trial court commented on the evidence as testified to by the victim and, therefore, erred. "Even a judge's innocent attempt to provide clarity for the jury by including a neutral instruction can result in an impermissible comment on the weight of the evidence because the instruction singles out a particular piece of evidence for special attention, which the jury may then focus on as guidance from the judge." *Beltran De La Torre*, 583 S.W.3d at 617 (internal quotation marks and citations omitted). Therefore, in order to properly instruct the jury without commenting on the evidence, the trial court should have refrained from including the actual date of the victim's birthday by simply instructing, "You must find that the offenses, if any, occurred prior to [child's name]'s fourteenth birthday." Or, in keeping with the general format of the pattern jury charge, "But you may not convict the defendant of continuous sexual abuse of a young child for any acts of sexual abuse that occurred before September 1, 2007, the date that law went into effect, or any acts of sexual abuse that occurred on or after the date [child's name] turned fourteen."

Appellant argues that age is an element, as the victim must be a child younger than fourteen years of age when the acts of sexual abuse occur for the offense of continuous sexual abuse to apply. We do not disagree with this assertion. However, the actual date of the victim's birthday is not an element that must be unanimously

decided by a jury.  A victim's date of birth may certainly be a fact the State seeks to prove to help the jury ascertain the age of the victim at the time each alleged act of abuse occurs.  But, a jury could disagree about the victim's date of birth, or never be provided such information, and still agree that the victim was younger than fourteen when the abuse occurred.  For example, if a child testified that she was abused in kindergarten when she was five or six while visiting family over Christmas vacation and then she was abused again the following Christmas when she was six or seven, the jury could decide whether the victim was a child younger than fourteen years of age when the abuse occurred regardless of her specific date of birth.

Appellant also argues that, because the only evidence of the victim's birthday and her age was from the victim herself, the trial court's comment was essentially a finding of fact that the victim's testimony was correct.  Appellant asserts:

> The result of this usurpation is that the jurors went to the jury room having been told by the trial judge that [the victim]'s fourteenth birthday was on XX/XX/2014, confirming her testimony as to that fact, and therefore making the remainder of her testimony as to the dates of the abuse – let alone the abuse itself – that much more convincing.

While we understand appellant's concern, we disagree that the trial court's comment on the date of the victim's fourteenth birthday was also a comment as to whether the abuse occurred at all and, if so, when it did.

In this case, the victim's testimony regarding her birthday was uncontested, and she did not testify about when the abuse occurred in terms of the date of her birthday.  Instead, she testified generally that a certain act of sexual abuse occurred

when she was a certain age and another act occurred when she was another age. For example, the victim explained that she was eleven or twelve when appellant started making her feel uncomfortable with comments about her appearance. At twelve years of age, he started touching her on her back, thighs, and bottom, which progressed to touching her vagina. Appellant made her touch his penis around the same age, "[m]aybe 12 or 13." And, when she was thirteen, almost fourteen, he penetrated her vagina with his fingers and his penis. After she turned fourteen, he forced her to have sex with him again. The abuse stopped when he left the home in 2016.

Based on this record, the jury would not have been focused on specific dates to determine whether two acts of sexual abuse occurred during a period that is thirty or more days in duration and before the victim turned fourteen because the victim never provided the jury with specific dates to consider. Furthermore, the application paragraph of the charge did not include the date of the victim's fourteenth birthday when applying the law to the facts of the case and providing, in addition to the other required elements, "if you find from the evidence beyond a reasonable doubt" that the victim "was a child younger than (14) years of age, then you will find the defendant guilty of Continuous Sexual Abuse of a Child as charged in the indictment."

Additionally, the charge also included the following instructions:

- "The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant."

- "You are the exclusive judges of the facts proved, of the credibility of the witnesses, and of the weight to be given to the testimony."

- "You are instructed that you are not to allow yourselves to be influenced in any degree whatsoever by what you may think or surmise the opinion of the Court to be. The Court has no right by any word or any act to indicate any opinion respecting any matter of fact involved in this case, nor to indicate any desire respecting its outcome. The Court has not intended to express any opinion respecting any matter of fact in this case, and if you have observed anything which you have or may interpret as the Court's opinion upon any matter of fact in this case, you must wholly disregard it."

We presume the jury understood and followed these instructions. *Beltran De La Torre*, 583 S.W.3d at 620.

Based on the jury charge as a whole and the testimony presented, we conclude that the trial court's comment did not rise to a violation of appellant's constitutional right to due process or his right to have an impartial jury determine whether he was guilty beyond a reasonable doubt of every element of continuous sexual abuse of a child as charged in the indictment. *See Apprendi*, 530 U.S. at 476–77. The trial court did not absolve the State from proving beyond a reasonable doubt that the acts of sexual abuse occurred when the child was younger than fourteen years of age. Therefore, we overrule appellant's first and third issues.

–10–

Because the error was not constitutional and, thus, not structural,[1] we apply the "some harm" standard under *Almanza* for objected-to jury charge errors. *Almanza*, 686 S.W.2d at 171. Although we agree that this case, like most continuous sexual abuse cases, turned on the jury's credibility assessment of the victim, we disagree that including the victim's birthday in the jury charge caused appellant some harm. An error causes some harm if the error is "calculated to injure the rights of defendant," that is, the error is not harmless. *Id.* (quoting TEX. CODE CRIM. PROC. art. 36.19). The harm must be actual, not just theoretical. *Id.* at 174. In determining whether the error caused some harm, we consider the entire jury charge, the state of the evidence, arguments by counsel, and any other relevant information revealed by the record as a whole. *Id.* at 171.

---

[1] Federal constitutional errors are treated as structural only if the United States Supreme Court has labeled such error as structural. *Lake v. State*, 532 S.W.3d 408, 411 (Tex. Crim. App. 2017); *Johnson v. State*, 169 S.W.3d 223, 235 (Tex. Crim. App. 2005). Structural errors are "'a very limited class of errors' that trigger automatic reversal because they undermine the fairness of a criminal proceeding as a whole." *United States v. Davila*, 569 U.S. 597, 611 (2013). Such errors include the denial of counsel, the denial of self-representation, the denial of a public trial, and the failure to instruct a jury that guilt must be proven beyond a reasonable doubt. *Id.* Appellant has not cited, and we have not found, a case in which the Supreme Court has labeled a comment on the weight of the evidence in a jury charge as structural error. In fact, in federal court, a "judge may comment on the evidence, so long as he instructs the jury that they are not bound by his comments," and may even "point out undisputed facts to the jury without error." *United States v. Inocencio*, 40 F.3d 716, 729 (5th Cir. 1994). Even where a jury instruction omitted an element of the offense, the Supreme Court concluded that the error was subject to a harm analysis, explaining that the omission "does not *necessarily* render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." *Neder v. United States*, 527 U.S. 1, 8–15 (1999) (emphasis in original); *see also Niles v. State*, 555 S.W.3d 562, 564, 570–73 (Tex. Crim. App. 2018) (relying on *Neder* and holding that the failure to include a jury instruction on an element of an offense included in the indictment is jury charge error that is subject to a harm analysis). Jury charge errors do not amount to structural errors unless they "vitiat[e] *all* the jury's findings." *Hedgpeth v. Pulido*, 555 U.S. 57, 61 (2008) (per curiam) (quoting *Neder*, 527 U.S. at 11) (quoting *Sullivan v. Louisiana*, 508 U.S. 275, 281 (1993))).

As demonstrated above, the jury charge as a whole instructed the jury that the State had the burden of proving each and every element of its case beyond a reasonable doubt, including that the victim was younger than the age of fourteen when the acts of sexual abuse occurred. While including the actual date of the victim's birthday and labeling it as such may have been error, the instruction limited the jury's consideration of the evidence by prohibiting the jury from considering evidence of any sexual abuse on or after her fourteenth birthday. Thus, the challenged instruction may have helped limit the jury's consideration of the victim's testimony. In fact, in *Taylor v. State*, the court of criminal appeals concluded "that a jury charge is erroneous if it presents the jury with a much broader chronological perimeter than is permitted by law." 332 S.W.3d 483, 488 (Tex. Crim. App. 2011). Here, the trial court's inclusion of the victim's fourteenth birthdate ensured the jury could not convict appellant for committing an act of sexual abuse past that date where the jury was also instructed it was not bound by the specific date range in the indictment (February XX, 2010, through February XX, 2014), which ran up against her fourteenth birthday.

Moreover, the victim's date of birth and, thus, the date of her fourteenth birthday, was uncontested at trial. The victim testified she was born on a certain date in February 2000, and her birthday was depicted on State's Exhibit No. 1, which is a timeline that was admitted for demonstrative purposes. State's Exhibit No. 1, also demonstrates, per the victim's testimony, that she turned ten in 2010, eleven in

2011, twelve in 2012, thirteen in 2013, and fourteen in 2014. And, as we have explained, her testimony regarding when the abuse occurred was not centered around her birthday each year but, instead, was general in nature, such as he touched her vagina when she was twelve years of age, made her touch his penis when she was twelve or thirteen, and penetrated her vagina with his fingers and his penis when she was thirteen, almost fourteen. Appellant did not dispute the victim's age during the various years and his defense was not that these acts occurred when she was older, but that the acts did not occur at all.

The State's closing argument summarizes the evidence in the same way with no reference to her date of birth. And the State emphasized that the jury could not convict appellant for anything that happened after the victim turned fourteen: "We are here to decide if the Defendant did these things to [the victim] before she turned 14 years old."

Based on the record before us, we cannot conclude that appellant suffered "some harm" when the trial court included the date of the victim's fourteenth birthday in the jury charge. However, we caution that there may be cases where including the date of the victim's fourteenth birthday in the jury instruction causes harm, such as when the victim's date of birth is contested or when the evidence of abuse is centered around certain dates and the date of the victim's fourteenth birthday is a critical factor in determining whether the child was younger than fourteen when the abuse occurred. We overrule appellant's fifth issue.

Having overruled each of appellant's issues, we affirm the judgment of conviction.


/Craig Smith/
CRAIG SMITH
JUSTICE

Publish
TEX. R. APP. P. 47.2(b)
230015F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

COURTNEY WAYNE COCHRAN,
Appellant

No. 05-23-00015-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 366-80888-
2022.
Opinion delivered by Justice Smith.
Justices Partida-Kipness and Nowell
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 8th day of July 2024.