**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Petitioner,**

v.

**Jesse LARA, Respondent.**

No. C–4086.

Supreme Court of Texas.

Jan. 29, 1986.

Rehearing Denied July 9, 1986.

Roger M. Townsend, Fulbright & Jaworski, Houston, for petitioner.

Donna Cywinski, Harvill, Hardy & Milutin, Houston, for respondent.

RAY, Justice.

This worker's compensation case involves the correct wording of an issue regarding a reduction in earning capacity. At trial the jury found that Jesse Lara had suffered a 25 per cent reduction in his earning capacity. To arrive at weekly compensation benefits during Lara's partial incapacity, the trial court applied the reduction to Lara's stipulated wage rate. However, the stipulation had not been disclosed to the jury. The court of appeals affirmed the trial court's judgment. 687 S.W.2d 463. We reverse the judgment of the court of appeals and remand the cause for a new trial.

Lara suffered an on-job injury August 6, 1982, while working for Dow Chemical Company in Brazoria County, Texas. Dow had worker's compensation insurance with Texas Employers' Insurance Association that covered Lara. Lara alleged that he was entitled to recover maximum compensation benefits of $154.00 per week for 401 weeks. Alternatively, he asked for a combination of total disability and partial disability benefits.

During the trial, Lara requested an issue on earning capacity during partial incapacity. Over objection, the issue in question was submitted as follows:

> 2 C. Find Plaintiff, Jesse Lara's percentage reduction of earning capacity, if any, during partial incapacity.
>
> (By stating in percentage.)
>
> Answer:

The jury found that Lara's injury was a producing cause of some total as well as permanent partial incapacity. The jury then answered issue No. 2 C. by finding a reduction in Lara's earning capacity of 25 per cent.

Whether the trial court was correct in submitting issue No. 2 C. requires us to look to the controlling statutory law in this area:

> "While the incapacity for work resulting from the injury is partial, the association shall pay the injured employee a weekly compensation equal to sixty-six and two-thirds per cent (66⅔%) of the *difference between his average weekly wages before the injury and his average weekly wage earning capacity during the existence of such partial incapacity....* Compensation for all partial incapacity resulting from a general injury *shall be computed in the manner provided in this Section, and shall not be computed*

*on a basis of a percentage of disability."*

Tex.Rev.Civ.Stat.Ann. art. 8306 § 11 (Vernon Supp.1985) (emphasis added).

In light of the statutory language, the Texas Pattern Jury Charge should be utilized as a guide for the proper method of submitting earning capacity issues in worker's compensation cases. The PJC suggests two ways the issue may be submitted. One inquires as to the difference in dollars and cents between the average weekly wage before the injury and the average weekly earning capacity during partial incapacity. 2 State Bar of Texas, Texas Pattern Jury Charges PJC 22.11 (1970). This issue is suggested for use when the claimant's average weekly wage is stipulated and disclosed to the jury. The second form, suggested for use when the jury is required to find the preinjury wage rate or when there is a stipulated wage rate that is not disclosed to the jury, asks for a dollars and cents finding of earning capacity during partial incapacity. 2 PJC 22.12.

The problem in this case is that the jury was not asked to find the wage rate and the stipulated wage rate was not revealed to the jury. Therefore, the jury had no basis from which it could determine a reduction in earning capacity. We assume that the reason the issue in question was submitted as it was had to do with fear of potential conflict. For example, if PJC 22.-12 had been used and the jury had found an earning capacity equal to or greater than the stipulated wage rate, then a conflict would have existed. *Employers Reinsurance Corp. v. Holland,* 162 Tex. 394, 347 S.W.2d 605 (1961). It would have been a conflict because partial incapacity is defined as "whereby a person suffers a reduction in earning capacity." Be that as it may, the submitted issue asked the jury to do the impossible: find an amount based on a reduction of an undetermined or unknown factor. Lara argues that *Archuleta v. International Ins. Co.,* 667 S.W.2d 120 (Tex.1984), supports this percentage issue submission. But, such reliance is mis-

placed because that case required the jury to answer in dollars and cents rather than with a percentage figure.

If parties in a worker's compensation case choose to stipulate wage rate, the stipulation should be revealed to the jury. To not do so invites error. In any event, whether a disclosed stipulation exists or the jury is required to make a finding, the preferable earning capacity inquiry for avoiding the vice of potential conflict is the one contained in PJC 22.11.

Because the earning capacity issue in this case was improper, we reverse the judgment of the court of appeals and remand this cause to the trial court for a new trial.