**Kathryn A. GAUTHIER, Appellant,**

**v.**

**AETNA CASUALTY AND SURETY COMPANY, Appellee.**

**No. B14–84–373–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 23, 1986.

Thomas F. Schlotzhauer, Houston, for appellant.

Winstol D. Carter, Jr., Roger D. Townsend, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

## SUBSTITUTE OPINION ON MOTION FOR REHEARING

MURPHY, Justice.

This Court's opinion of August 29, 1985, 704 S.W.2d 377, is withdrawn on Motion for Rehearing and the following opinion is substituted. This is an appeal from a Judgment Non Obstante Veredicto in a worker's compensation case. We reverse and remand.

Appellant was employed as a registered nurse at Methodist Hospital. In the course of her employment, she and another nurse were transferring a patient to his bed. The other nurse failed to lift the patient, causing appellant to support his entire weight. She filed a claim with the Industrial Accident Board for a back injury. Appellee, the insurer for Methodist Hospital, filed suit to appeal the final award of the Board. Appellant cross-filed.

A jury found that appellant sustained four separate periods of total temporary disability, that she sustained permanent partial incapacity, and that she suffered a loss in earning capacity of $100 per week during partial incapacity.

Appellee filed a Motion for Judgment Non Obstante Veredicto and asked the court to disregard the jury's answer to Special Issue No. 6 on the basis that there was insufficient evidence to support the jury's finding of permanent partial incapacity and to disregard its answer to Special Issue No. 8 on the basis that there was no evidence to support the finding of a $100 per week diminution in average weekly earning capacity. The trial court overruled appellee's motion as to Special Issue No. 6, sustained the motion as to Special Issue No. 8, and granted the Motion for Judgment Non Obstante Veredicto. Appellant filed a Motion to Set Aside the Judgment Non Obstante Veredicto and to Enter Judgment on the Verdict or, in the alternative, to grant a Motion for New Trial. Both motions were overruled.

Appellant brings two points of error. She argues that the trial court erred in disregarding the jury's answer to Special Issue No. 8 and in granting appellee's Motion for Judgment Non Obstante Veredicto because the record contained sufficient evidence to support the jury's finding. Appellee brings two cross-points. In the first, it argues that the trial court improperly denied its motion to disregard the jury finding of permanent partial disability in answer to Special Issue No. 6 on the basis of no evidence. During submission, appellee withdrew its first cross-point. In the second, it contends the evidence was factually insufficient to support the jury's finding of a $100 diminution in weekly earning capacity.

■ The legislature has specified the method of computing a decrease in wage earning capacity in a worker's compensation case. When the incapacity resulting from the injury is partial, the association shall pay the injured employee weekly compensation equal to sixty-six and two-thirds percent of the difference between the average weekly wages before the injury and the average weekly wage earning capacity during the existence of such partial incapacity. TEX.REV.CIV.STAT.ANN. art. 8306, § 11 (Vernon Supp.1986); *See Employers Reinsurance Corp. v. Holland,* 162 Tex. 394, 347 S.W.2d 605, 606 (1961). The burden is on the claimant to prove the difference between the average weekly wage before the injury and the average weekly wage earning capacity during partial disability. *Angelina Casualty Co. v. Jones,* 493 S.W.2d 247, 249 (Tex.Civ.App.— Beaumont 1973, no writ).

■ To recover compensation under the Worker's Compensation Act the employee must establish "average weekly wages" under one of three statutory methods according to the amount of time employed on the job where the injury occurred. TEX.REV.CIV.STAT.ANN. art. 8309, §§ 1–3 (Vernon 1967 & Supp.1986); *Lubbock Independent School District v. Bradley,* 579 S.W.2d 78, 80–81 (Tex.Civ. App.—Amarillo 1979, writ ref'd n.r.e.). "Average weekly wages" may also be proven by stipulation. *Texas Compensation Insurance Co. v. Matthews,* 510

S.W.2d 640, 644 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). Generally, a stipulation in open court is binding as a contract on the parties and the court. *Keller Industries v. Reeves,* 656 S.W.2d 221, 228 (Tex.App.—Austin 1983, writ ref'd n.r. e.); *see* TEX.R.CIV.P. 11.

Special Issue No. 8 was submitted as follows:

> Find from a preponderance of the evidence the reduction in Plaintiff's average weekly earning capacity during such partial incapacity.
>
> Answer by stating in dollars and cents the difference between her average weekly wage before the injury and her average weekly earning capacity during such partial incapacity.

This form of issue is precisely the issue suggested to be submitted when the claimant's average weekly wage is stipulated and disclosed to the jury. 2 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 22.11 (1970).

In open court before any testimony was presented, the parties stipulated that appellant's average weekly wage before the injury was $265.85. This stipulation, however, was never revealed to the jury, but was available to the court.

In her first point of error, appellant argues that the trial court erred in disregarding Special Issue No. 8, and in granting appellee's Motion for Judgment Non Obstante Veredicto. Appellant contends that the record contained sufficient evidence to support the jury's finding.

A judgment non obstante veredicto is proper where a directed verdict would have been proper. TEX.R.CIV.P. 301. A directed verdict can be upheld only if "the record contains no evidence of probative force to raise material fact questions." *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 295 (Tex.1983). The test for determining whether there is any evidence of probative force requires that we view the evidence in the light most favorable to the party against whom the motion for judgment non obstante veredicto is sought and every reasonable intendment deducible from the evidence is to be indulged in that party's favor. *City of San Augustine v. Roy W. Green Co.,* 548 S.W.2d 467, 472 (Tex.Civ. App.—Tyler 1977, writ ref'd n.r.e.).

Recently, the Texas Supreme Court also considered a case where the stipulated wage rate was not revealed to the jury. *Texas Employer's Insurance Assoc. v. Lara,* 711 S.W.2d 224 (Tex.1986). In *Lara,* the jury was submitted an issue on earning capacity during partial incapacity which issue required a finding of a percentage reduction *rather than* a finding in dollars and cents. The jury found a reduction in Lara's earning capacity of 25 percent. The court held that because the jury was not asked to find the wage rate before the injury and the stipulated wage rate was not made known to the jury, it had no basis from which it could determine a reduction in earning capacity.

■ In the instant case the jury was not asked to find the wage rate before the injury. The jury was, however, required to find the reduction in average weekly earning capacity after the injury in dollars and cents rather than a percentage. We hold, as in *Lara,* that the jury had no basis for appellants' *average weekly wage* from which it could reach a determination of his reduction in earning *capacity* because it was required to state the difference between the appellants' *average weekly wage* before the injury and his average weekly earning capacity during the partial incapacity in dollars and cents. Appellant made no attempt to prove her average weekly wage before the injury under the statutory methods. TEX.REV.CIV.STAT.ANN. art. 8309, §§ 1–3 (Vernon 1967 & Supp.1986). Aside from the stipulation, it appears that the only evidence adduced was that she was earning $1,000.00 per month at the time of the injury and had been employed by Methodist Hospital for approximately two months prior to her injury.

■ As there is some evidence in the record of probative force as to appellant's average weekly wage before the injury, that evidence consisting of the stipulation,

it would have been improper for the court below to have granted a directed verdict. Consequently, it was improper for the trial court to have granted appellee's motion for judgment non obstante veredicto.

Our disposition of appellant's first two points of error is controlling of each of appellee's cross-points. We reverse and remand for a new trial.

PAUL PRESSLER, Justice, dissenting.

The judgment should be affirmed for the reasons set forth in the dissenting opinion found at 704 S.W.2d 380. We should carefully consider the effect on our justice system if we allow a party who has failed to present proper issues or evidence in the trial court to have a new trial based solely upon his own failure.