**H.E. BUTT GROCERY COMPANY and H.E.B. Food Store, Appellants,**

v.

**Rosie PAEZ, Appellee.**

No. 13–87–199–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 10, 1987.

Rehearing Denied Jan. 7, 1988.

Rudy Gonzales, Jr., Chris Rodrigues, Chaves, Gonzales & Rodriguez, Corpus Christi, for appellants.

Virgil W. Yanta, Kurgle, Stewart, Dent & Frederick, San Antonio, Stephen A. Moyik, Hartman, Lapham & Moyik, Victoria, for appellee.

Before UTTER, KENNEDY, and BENAVIDES, JJ.

## OPINION

UTTER, Justice.

This is an appeal from an adverse jury verdict in a slip and fall case. We affirm the judgment of the trial court.

Appellants' sole point of error asserts that the trial court erred when it instructed the jury not to answer the damage issue unless they answered the liability issues affirmatively, because the instruction improperly advised the jury of the effect of their answers to the issues.

The court's original charge to the jury did not condition the damage issues on an affirmative finding on the negligence issues. However, during the jury's deliberation, the following jury inquiries and court responses occurred:

1. *Jury's first inquiry:*
   "Question whether we can award damages if there is no negligence.
   *Court's response:*
   "In reply to your question you are instructed that you are not to answer Special Issue 7 unless:
   1. You have answered "We do" to Special Issue 1, 2, and 3.
   2. You have answered Special Issue 6(a) at least fifty (50) percent or more."
2. *Jury's second inquiry:*
   "Must both parties be found negligent in order to answer Issue 6 and/or Issue 7."
   *Court's response:*
   "In response to your question regarding Special Issue 6, your attention is called to the caption to that issue.
   In response to your question regarding Special Issue 7, you are instructed that, contrary to the instruction given

you in response to your last question, you are to answer Special Issue 7 without regard to any answers you may have made to any other Special Issue."

The jury answered Special Issues 1, 2, and 3 concerning liability in the affirmative, left Special Issue 6 concerning the comparative negligence of the appellee "blank" as instructed in the caption to that special issue, and answered Special Issue 7 on damages. In response to the jury findings to these special issues, the trial court entered judgment for appellee.

Although the general rule states it is error to submit a special issue conditionally when the effect of such a submission is to inform the jury as to the results of their answers, it has also been held that the court may predicate the damage issues upon affirmative findings of liability. *Grieger v. Vega,* 153 Tex. 498, 271 S.W.2d 85, 87 (1954); *New Trends, Inc. v. Stafford–Lowdon Co.,* 537 S.W.2d 778, 784 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n.r.e.). As the Texas Supreme Court stated in *Grieger:*

> where the effect is so obvious that any juror with ordinary intelligence would know its effect, neither the letter nor the spirit of the rule is violated by a charge which assumes such knowledge.... No juror would have been of the opinion that petitioner was liable in damages to respondent if his act was not wrongful. Any juror of ordinary intelligence would have known the legal effect of the answer to Special Issue No. 1 [liability]. The conditional submission of Special Issue No. 2 [damages] did not inform the jury of its legal effect, and, therefore, should not cause a reversal of the trial court's judgment.

*Id.,* 271 S.W.2d at 87.

We conclude that the court did not err in submitting the damage issues conditionally at a subsequent point in the trial, when they could have been conditionally submitted in the original charge. It would have been pointless to require the jury to waste their time and efforts by requiring them to make a finding on damages after they had negatively answered the liability issues. *Cf. Wright v. Gifford Hill & Co.,* 725 S.W.2d 712, 714 (Tex.1987).

In fact, this appears to be the present feeling of the Supreme Court as reflected in its March 10, 1987 revisions of Rule 277 which states: "The court may predicate the damage question or questions upon affirmative findings of liability." Tex.R.Civ.P. 277 (eff. Jan. 1, 1988). Furthermore, even if the trial court erred in doing so, we hold that such error was harmless in view of the court's response to the jury's second inquiry, wherein the court instructed the jury to answer all of the special issues without regard to any answer made as to any other special issue. Moreover, we do not believe that the instruction was reasonably calculated to cause or did cause the rendition of an improper judgment. Tex.R.App.P. 81(b); *see also New Trends*, 537 S.W.2d at 784.

Appellant alleges that because of the court's response to the jury's first inquiry, four jurors changed their votes after learning the effect of their answers to the special issues. In support of this proposition, appellant submitted the affidavits of four jurors in its Motion for New Trial, each of which states that the initial vote found the appellant *not negligent by a vote of 10–2*, but that after learning the effect of their answers they switched their votes.

The evidence which can be heard by the trial court as ground for a new trial is governed by Tex.R.Evid. 606(b):

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, *except that the juror may testify whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.* (Emphasis added).

Under this rule, all testimony, affidavits, and evidence regarding the jury's deliberation is to be excluded from consideration by the court unless it relates to the presence of an "outside influence" which improperly affected any juror's decision. *Baker Marine Corp. v. Weatherby Engineering Co.*, 710 S.W.2d 690, 793 (Tex.App.—Corpus Christi 1986, no writ); *Robinson Electric Supply v. Cadillac Cable Corp.*, 706 S.W.2d 130, 133 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Martin v. United States Trust Co.*, 690 S.W.2d 300, 309 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

The affidavits submitted by the appellants clearly attempt to impeach the verdict by probing the minds of the jurors on how they arrived at their answers on the damage issues. There was no evidence alleging or proving the existence of any "outside influence" presented at the motion for new trial, and we refuse to hold that a response by the court to an inquiry from the jury during deliberations in any way constituted an "outside influence." Therefore, the juror's affidavits were not properly before the court; and in view of the court's disposition of the matter by overruling the motion for new trial, we will assume they were not considered by the court. Appellant's point of error is overruled.

The judgment of the trial court is AFFIRMED.