In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00570-CV
_____

IN THE ESTATE OF ADRIAN NEUMAN

On Appeal from the County Court
Jefferson County, Texas
Trial Cause No. 105449

MEMORANDUM OPINION

In this appeal from a proceeding in a probate matter, the appellant complains that the trial court improperly denied his motion to transfer venue, and he argues that the charge failed to properly submit the question of whether the decedent had testamentary capacity when executing his will. We hold that the trial court properly overruled the appellant's motion to transfer venue and properly denied the appellant's objections to the charge. We affirm the trial court's order denying the appellant's motion to contest the decedent's will.

1

## Background

Adrian Neuman died in 2012. In his will, dated April 11, 2011, Neuman left his entire estate to his daughters to the exclusion of his sons. Subsequently, Nancy Hart, the independent executrix of Neuman's estate and one of his daughters, filed Neuman's will for probate. In July 2012, the County Court ordered that Neuman's 2011 will be admitted for probate.

In November 2012, Kenneth Neuman filed a motion to contest his father's 2011 will. In his motion, Kenneth claimed that his father was not of sound mind when he executed the will. Initially, the trial court dismissed Kenneth's attempt to contest the will on the basis that his motion to contest the will was not timely, and it then dismissed the case "due lack of evidence." Kenneth appealed from those rulings, and in 2013, we reversed and remanded the case for trial. *In the Estate of Neuman*, No. 09-13-00076-CV, 2013 Tex. App. LEXIS 8490 (Tex. App.—Beaumont July 11, 2013, no pet.).

In September 2013, approximately two months before the trial of the case, Kenneth filed a motion to transfer the proceedings to Orange County. In his motion, Kenneth asserted that Jefferson County was not a county of proper venue, and he asked the court to transfer the case to Orange County because Neuman, at the time of his death, was living in a nursing home in Orange County. Following a

2

hearing on Neuman's motion, the trial court found that at the time of Neuman's death, Neuman was a resident of Jefferson County. Accordingly, the trial court denied Kenneth's motion to transfer venue.

Subsequently, following a jury trial, the trial court asked the jury to decide the following issue: "Did Adrian J. Neuman have testamentary capacity to sign the Last Will and Testament dated April 11, 2011?" The instructions following this question instructed the jury on the various factors that could be considered in deciding if Neuman had testamentary capacity when his signed his will. The instructions indicated the question of testamentary capacity concerned the decedent's testamentary capacity "at the time the decedent signs a will." The jury found that Neuman had testamentary capacity when he signed his 2011 will, and based on the jury's verdict, the trial court denied Kenneth's motion to contest Neuman's will.

## Venue

In issue one, Kenneth complains the proceedings should have been transferred to Orange County. According to Kenneth, because Neuman was in a nursing home located in Orange County when he died, Neuman's domicile or fixed place of residence—which is used to determine the proper venue for a probate proceeding—was in Orange County. *See* Tex. Estates Code Ann. § 33.001 (West

3

2014).[1] In response, Nancy argues that Kenneth's motion to transfer was not timely because he did not file his motion to transfer venue at the onset of the contest. Additionally, Nancy contends that Neuman's domicile or fixed place of residence remained in Jefferson County after he moved to the nursing home, as Neuman was living in Jefferson County before his health declined to the point that he required the level of care provided at the nursing home.

We agree with Nancy that Kenneth's motion to transfer venue was untimely. Rule 86(1) of the Texas Rules of Civil Procedure states that "[a]n objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion except a special appearance motion provided for in Rule 120a." Tex. R. Civ. P. 86(1). The record shows that Kenneth did not file his motion to transfer venue concurrently or before he filed his first plea, pleading or motion. Because Kenneth's motion to transfer venue was untimely, he waived his claim that Neuman's domicile changed from Jefferson County to Orange County shortly before he died. *See id.*; *Jarvis v. Feild*, 327 S.W.3d 918, 925 (Tex. App.—Corpus Christi-Edinburg 2010, no pet.) (holding

[1]As of January 1, 2014, the former Texas Probate Code has been repealed and replaced with the Texas Estates Code. *See In the Estate of Hamner*, No. 09-13-00218-CV, 2015 Tex. App. LEXIS 1105, **7-8 n.2 (Tex. App.—Beaumont Feb. 5, 2015, no pet.); *Leavitt v. Holbrook*, No. 09-12-00303-CV, 2014 Tex. App. LEXIS 7476, **9-10 n.4 (Tex. App.—Beaumont July 10, 2014, no pet.). All citations herein will be to the Texas Estates Code.

that pro se litigant in probate proceeding waived her venue claim by failing to comply with the requirements of Rule 86(1)); *McGrede v. Coursey*, 131 S.W.3d 189, 196 (Tex. App.—San Antonio 2004, no pet.) (concluding that appellant's venue complaint was waived in a guardianship proceeding governed by the Texas Probate Code because the appellant failed to comply with the requirements of Rule 86(1)). We overrule Kenneth's first issue.

## Jury Charge

In issue two, Kenneth complains the trial court erred by submitting a charge that asked about Neuman's testamentary capacity *at the time* he executed his will. The instructions at issue, submitted immediately following the question the jury was asked to answer, explained:

> A decedent has testamentary capacity if, at the time the decedent signs a will, the decedent has:
>
> 1. sufficient mental ability to understand that he is making a will;
>
> 2. sufficient mental ability to understand the effect of his act in making the will;
>
> 3. sufficient mental ability to understand the general nature and extent of his property;
>
> 4. sufficient mental ability to know his next of kin and natural objects of his bounty and their claims on him; and

5. sufficient memory to collect in his mind the elements of the business to be transacted and to be able to hold the elements long enough to perceive their obvious relation to each other and to form a reasonable judgment as to these elements.

Before the trial court submitted the case to the jury, Kenneth objected to the charge. At trial, and on appeal, Kenneth argues that the charge improperly focuses on whether Neuman possessed testamentary capacity on April 11, 2011, the date he signed the will; instead, Neuman argues that the charge should have inquired whether Neuman had testamentary capacity prior and subsequent to the periods surrounding the execution of the will. The trial court overruled Kenneth's objection to the charge.

With respect to *when* a testator must possess testamentary capacity to execute a valid will, the Texas Supreme Court has explained that the issue concerns the condition of the testator's mind on the date the will was executed. *Lee v. Lee*, 424 S.W.2d 609, 611 (Tex. 1968) (emphasis added). In this case, the trial court's instruction regarding Neuman's testamentary capacity follows Texas law, as the charge is consistent with Texas cases that have explained that testamentary capacity means the testator has sufficient mental ability to:

(1) understand the business in which he is engaged; (2) understand the effect of making his will; (3) understand the general nature and extent of his property; (4) know his next of kin and the natural

6

objects of his bounty and the claims upon him; and (5) collect in his mind the elements of the business to be transacted and hold them long enough to perceive their obvious relation to each other and to form a reasonable judgment about them.

*In the Estate of Lynch*, 350 S.W.3d 130, 136 (Tex. App.—San Antonio 2011, pet. denied); *and see Tieken v. Midwestern State Univ.*, 912 S.W.2d 878, 882 (Tex. App.—Fort Worth 1995, no pet.).

In this case, the charge properly tasked the jury with deciding whether Neuman possessed testamentary capacity at the time he executed his 2011 will. The charge used in Neuman's case is consistent with the charge the Committee on Pattern Jury Charges suggests is appropriate in a will contest case. *See* Comm. on Pattern Jury Charges, State Bar of Tex., *Texas Pattern Jury Charges: Will Contests* PJC 230.2 (2014). While the "Texas Pattern Jury Charges are not 'law,' they are heavily relied upon by bench and bar and based on what the State Bar Committee perceives the present law to be." *THI of Tex. at Lubbock I, LLC v. Perea*, 329 S.W.3d 548, 569 (Tex. App.—Amarillo 2010, pet. denied) (citing *H.E. Butt Grocery Co. v. Bilotto*, 928 S.W.2d 197, 199 (Tex. App.—San Antonio 1996), *aff'd*, 985 S.W.2d 22 (Tex. 1998)).

We hold the trial court properly overruled the objection that Neuman made to the charge, and we overrule the arguments that he makes in issue two. Because

Kenneth's issues are without merit, the trial court's order denying Kenneth's motion to contest his father's will is affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on November 10, 2014
Opinion Delivered May 14, 2015

Before Kreger, Horton, and Johnson, JJ.

8